2023 IL App (1st) 221590

SIXTH DIVISION
Filing Date October 20, 2023

No. 1-22-1590

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

JASON TAYLOR,                                    )
                                                 )    Appeal from the
    Plaintiff-Appellant,              )    Circuit Court of
                                                 )    Cook County.
    v.                                )
                                                 )    No. 20 CH 02243
HIGHLINE AUTO SALES, INC.,                       )
                                                 )    The Honorable
    Defendant-Appellee.               )    Caroline Kate Moreland,
                                                 )    Judge, Presiding.

_____

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.
Justices Mikva and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Jason Taylor appeals an order of the circuit court of Cook County that awarded attorney fees and sanctions in favor of defendant Highline Auto Sales, Inc. On appeal, plaintiff contends that (1) the circuit court did not have the authority to award attorney fees after initially denying defendant's fee petition in a final order and where the amended fee petition was filed without leave of court, (2) the award of attorney fees to defendant was against the manifest weight of the evidence where the contractual provision that allowed for an award of attorney

fees incurred in successfully compelling arbitration was not satisfied, and (3) the circuit court abused its discretion for issuing a sanction order against plaintiff where his motion was supported by case law from another jurisdiction in a good faith attempt to extend Illinois law. For the following reasons, we affirm.

¶ 2                                                    I. BACKGROUND

¶ 3        This is not the first time that the parties have been before this court. Plaintiff filed an interlocutory appeal after the circuit court granted defendant's motion to compel plaintiff to participate in arbitration per the terms of the parties' contract. On appeal, plaintiff contended that the circuit court's order to compel his participation in arbitration was without jurisdiction and was erroneously entered as there was nothing to compel and no justiciable matter between the parties. We affirmed the circuit court's grant of defendant's motion to compel arbitration where the parties' dispute was arbitrable, the parties had a valid arbitration agreement, and plaintiff's contract defenses were inapplicable to the parties' agreement. *Taylor v. Highline Auto Sales, Inc.*, 2022 IL App (1st) 211024-U. The current appeal arose as a result of this court's prior decision.

¶ 4        The undisputed underlying facts were set forth in our previous disposition, and we shall only recite those facts necessary for resolution of this appeal. Briefly stated, on April 8, 2019, plaintiff purchased a vehicle from defendant. The purchase contract included an arbitration agreement whereby the parties agreed to resolve disputes by arbitration before the Better Business Bureau of Chicago and Northern Illinois (BBB). The arbitration agreement further provided that if either party filed a lawsuit in contravention of the arbitration agreement and refused to voluntarily withdraw such suit upon notice from the other party, the party that

successfully compelled arbitration would be entitled to an award of reasonable attorney fees from the other party.

¶ 5   Plaintiff filed a demand for arbitration against defendant on April 24, 2019, and subsequently requested hearing dates on April 30, 2019, and May 1, 2019. The BBB acknowledged receipt of plaintiff's arbitration demand on May 13, 2019. On May 27, 2019, plaintiff wrote the BBB again and requested the appointment of an arbitrator. Plaintiff subsequently contacted the BBB multiple times, either requesting the appointment of an arbitrator or a hearing date as follows: May 29, 2019, May 30, 2019, June 11, 2019, July 20, 2019, July 31, 2019, August 9, 2019, August 23, 2019, September 13, 2019, and September 18, 2019. Plaintiff submitted his arbitration materials on October 2, 2019. Plaintiff again requested a hearing on October 4 and October 11, 2019, and subsequently made multiple additional requests for a hearing date on October 24, 2019, November 1, 2019, November 8, 2019, and November 15, 2019. He again made multiple requests for a hearing on November 22, 2019, November 29, 2019, December 6, 2019, December 13, 2019, December 20, 2019, and December 28, 2019. Also on December 28, 2019, plaintiff asked defendant to waive its insistence on arbitration. On January 3 and January 11, 2020, plaintiff again requested a hearing date from the BBB. Plaintiff's counsel also sent a reminder letter on January 11, 2020, to defendant's counsel again requesting that defendant waive the arbitration requirement. On January 24, 2020, plaintiff's counsel asked defendant to agree on a different arbitrator provider.

¶ 6   Plaintiff subsequently filed a declaratory action on February 24, 2020, requesting that the circuit court declare the arbitration agreement null and void or inapplicable. Defendant filed motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)), specifically requesting that the circuit court compel arbitration as provided for

by the parties' contract. Plaintiff responded that there was nothing to compel as he was already before the BBB as part of the arbitration process.

¶ 7    In a written memorandum opinion and order entered on August 2, 2021, the circuit court noted that plaintiff commenced the declaratory action because the BBB did not begin arbitration within 60 days of his demand in accordance with its rules, after approximately 39 communications with the BBB and the BBB's inability to adjudge his dispute. The circuit court further noted that the BBB's rules provided that it would make reasonable efforts to obtain a resolution of the dispute within 60 days, unless federal or state law otherwise provided, and further that BBB or the arbitrator may extend the time at their sole discretion. The circuit court ultimately found that the contract defenses that plaintiff raised did not apply to the facts alleged in the complaint as the rules of BBB arbitration only stated that it would make reasonable efforts to resolve disputes within 60 days. The circuit court granted defendant's motion to dismiss and compel arbitration and the parties were ordered to continue arbitration proceedings. The circuit court subsequently granted defendant attorney fees as provided by the arbitration agreement.

¶ 8    On appeal, we found that the trial court correctly granted defendant's motion to dismiss and compel arbitration because the crux of plaintiff's declaratory judgment action was his frustration with the length of time it was taking for the matter to be arbitrated by the BBB, which standing alone, did not invalidate the parties' arbitration agreement. We agreed with the circuit court that plaintiff's proffered defenses were inapplicable and further found that once the circuit court determined that a valid arbitration agreement existed, it had no discretion to deny the motion to compel arbitration, pursuant to this court's decision in *Travis v. American Manufacturers Mutual Insurance Co.*, 335 Ill. App. 3d 1171, 1175 (2002).

¶ 9     We further determined that the record supported the circuit court's grant of defendant's motion to compel arbitration based on the parties' valid arbitration agreement based on the explicit terms of the arbitration clause. We further noted that plaintiff did not contest whether the amount of attorney fees was proper, and we made no finding. We determined only that the circuit court had jurisdiction to award attorney fees to the prevailing party based on the terms of the arbitration agreement.

¶ 10    As noted, this court's disposition was issued on January 21, 2022. Subsequently, on January 25, 2022, defendant's attorney filed a petition for attorney fees of $3875.74 in the circuit court pursuant to the circuit court's previous order and this court's affirmance on appeal. The arbitration agreement between the parties provided that:

> "If either party to this Arbitration Agreement files a lawsuit in contravention of this Arbitration Agreement and refuses to voluntarily withdraw such suit upon receiving notice by the other party of the obligation to arbitrate, then the party seeking to compel arbitration shall be entitled to reasonable attorneys' fees incurred in successfully compelling arbitration."

¶ 11    On February 3, 2022, the circuit court set a status of appeal for April 13, 2022, and struck plaintiff's second motion to reconsider as moot due to the pendency of his appeal.[1] On April 11, 2022, plaintiff filed an amended second motion to reconsider in the circuit court based on differences between the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 2022)) and the federal act that required termination of the arbitration agreement. While acknowledging that

---

[1]Plaintiff had previously filed an initial motion to reconsider on August 2, 2021, and a second motion to reconsider on November 12, 2021, while his appeal was pending in this court. Both of those motions were denied by the circuit court.

he raised this legal theory for the first time in his amended second motion to reconsider, plaintiff argued that an exception existed and cited to *United States v. Zubia-Torres*, 550 F.3d 1202, 1208 (10th Cir. 2008), in support. Defendant responded by filing both a response and a motion for Rule 137 (Ill. S. Ct. R. 137 (eff. Jan. 1, 2018)) sanctions on May 10, 2022. Defendant sought Rule 137 sanctions against plaintiff's counsel based on counsel's continued actions of filing multiple motions to reconsider, as well as an appeal, all of which were denied because they were based on unsupported allegations of fact or law. The circuit court indicated in a status order that it would rule on plaintiff's amended second motion to reconsider on July 29, 2022.

¶ 12     In its written order, the circuit court denied plaintiff's amended second motion to reconsider and granted defendant's motion for sanctions against plaintiff's counsel. In denying plaintiff's amended second motion to reconsider, the circuit court noted that plaintiff pointed to no new law, facts, or errors in law made by the circuit court and never raised the argument in his response to defendant's initial motion to dismiss. The court also noted that even if plaintiff had raised this issue in the initial briefing, on the motion to dismiss or the initial motion to reconsider, it would not have changed the court's resolution of the motion. The circuit court concluded that plaintiff's amended second motion to reconsider was not, after reasonable inquiry, well grounded in fact, warranted by existing law, or brought in good faith to change the law. The court found that almost two years after plaintiff's initial response brief was filed, he brought a "new but equally flawed argument as to why the arbitration he failed to participate in should be vacated." Based on its finding, the circuit court ordered that plaintiff's counsel pay defendant's litigation costs for responding to his second amended motion to reconsider and preparing its fee petition as sanctions. The circuit court set defendant's fee petition for

hearing on September 8, 2022, which was subsequently continued to October 20, 2022. Defendant's counsel filed a second petition for attorney fees on September 27, 2022, adding an additional $225, for a total of $4100.75.

¶ 13     On October 20, 2022, the circuit court entered an order denying defendant's fee petition after noting that plaintiff's counsel appeared, and defendant's counsel did not appear for the second consecutive court date. The order was presented and drafted by plaintiff's counsel and contained language that it was final and appealable. The following day at 12:07 a.m., plaintiff filed a notice of appeal from the circuit court's orders of August 2, 2021 (granting defendant's motion to dismiss), October 25, 2021 (denial of plaintiff's motion to reconsider), and July 20, 2022 (sanctions order), noting that the final and appealable order in this case was entered on October 20, 2022. Also on that date, defendant's counsel refiled his second fee petition for $4100.75 at 3 p.m. Subsequently, the circuit court set a briefing schedule and hearing on defendant's counsel's second fee petition for November 3, 2022. The order also indicated that the matter before the court was defendant's second petition for attorney fees, "due notice given and the Court duly advised in the premises."

¶ 14     On December 8, 2022, the circuit court entered an order on plaintiff's motion to stay court orders,[2] granting defendant's counsel a judgment in the amount of $4100.75 as and for attorney's fees and further stating that the matter was disposed of and had no further proceedings. Plaintiff subsequently amended his notice of appeal on January 10, 2023, to include review of the circuit court's December 8, 2022, order awarding attorney fees to defendant. No report of proceedings was included as part of the record on appeal.

---

[2]The record does not contain a copy of plaintiff's motion to stay court orders.

¶ 15     Additionally, after plaintiff filed its notice of appeal, defendant filed a motion to dismiss the appeal based on *res judicata* on November 3, 2022, arguing that this appeal should be dismissed because plaintiff's docketing statement filed on October 26, 2022, indicated that plaintiff's general issue appeal was "[w]hether the court may compel arbitration when a party is already in arbitration, and whether the court may award attorney fees associated with compelling to arbitration when a party is already in arbitration." Defendant alleges that this was the same general issue filed in the August 26, 2021, docketing statement filed with plaintiff's previous interlocutory appeal. This court ordered the motion taken with the case on November 23, 2022.

¶ 16                                             II. ANALYSIS

¶ 17     On appeal, plaintiff contends that (1) the circuit court did not have the authority to award attorney fees after initially denying defendant's fee petition in a final order and where the amended fee petition was filed without leave of court, (2) the award of attorney fees to defendant was against the manifest weight of the evidence where the contractual provision that allowed for an award of attorney fees incurred in successfully compelling arbitration was not satisfied, and (3) the circuit court abused its discretion for issuing a sanction order against plaintiff where his motion was supported by case law from another jurisdiction in a good faith attempt to extend Illinois law.

¶ 18                                             1. Jurisdiction

¶ 19     As a preliminary matter, we must determine if we have jurisdiction to hear this appeal. Jurisdiction is a threshold issue which may be raised at any time. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36. " 'It is axiomatic that the appellate court must first consider its jurisdiction to hear an appeal before reaching the merits.' " *CSC Partners Management,*

*LLC v. ADM Investor Services, Inc.*, 2021 IL App (1st) 210136, ¶ 19 (quoting *In re Estate of Gagliardo*, 391 Ill. App. 3d 343, 349 (2009)). Even when no party raises the question, a reviewing court has a duty to consider *sua sponte* its jurisdiction and dismiss the appeal if it determines that jurisdiction is lacking. *Cigna v. Illinois Human Rights Comm'n*, 2020 IL App (1st) 190620, ¶ 15.

¶ 20    Here we are asked to review the proceedings that took place after the circuit court's August 2, 2021, order compelling arbitration, during the pendency of the interlocutory appeal, and following our decision in the interlocutory appeal on January 21, 2022. Plaintiff's notice of appeal filed on October 21, 2022, sought review of the circuit court's orders entered on August 2, 2021, October 25, 2021, and July 20, 2022. Plaintiff's notice of appeal filed on January 10, 2023, sought review of the circuit court's December 8, 2022, order. The timely filing of a notice of appeal is both jurisdictional and mandatory. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 21    Rule 307(a)(1) permits interlocutory appeals from four types of orders: (1) orders that deny injunctions, (2) orders that create injunctions, (3) orders that change the effects of (modify or dissolve injunctions), and (4) orders that perpetuate the effects of (refuse to modify or dissolve) existing injunctions. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017).

¶ 22    In the prior interlocutory appeal, plaintiff challenged the August 2, 2021, decision of the circuit court to compel arbitration and to award attorney fees to defendant, both pursuant to the arbitration agreement as required by Rule 307(a)(1). We affirmed the circuit court's decision; however, plaintiff has again included review of that order in his October 2022 notice of appeal. This is improper under the law-of-the-case doctrine, which limits relitigation of a previously decided issue in the same case, including decisions in an unreversed interlocutory appeal.

*Rommel v. Illinois State Toll Highway Authority*, 2013 IL App (2d) 120273, ¶¶ 15-20. As such, plaintiff's attempts to relitigate the August 2, 2021, order compelling arbitration is barred by the law-of-the-case doctrine.

¶ 23     We next look at the circuit court's October 2021 order denying plaintiff's motion to reconsider.

¶ 24     As noted above, the circuit court entered a memorandum judgment and order in the underlying matter on August 2, 2021. Plaintiff filed his initial motion to reconsider on the same date, which was subsequently denied on October 25, 2021. Plaintiff's notice of appeal (or amended notice of appeal as detailed below) from the denial of his initial motion to reconsider was due within 30 days of entry, or November 24, 2021, pursuant to Rule 303(a)(1). Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 25     Plaintiff filed his notice of interlocutory appeal in the circuit court on August 19, 2021, received by this court on August 23, 2021. The interlocutory appeal sought review of the circuit court's order of August 2, 2021. This was proper procedurally, even though plaintiff's motion to reconsider was pending, because an order compelling arbitration is considered an appealable interlocutory order as it is injunctive, and the notice of appeal was filed within 30 days of that order. *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill. App. 3d 1023, 1025 (2005).[3] Here, plaintiff's notice of interlocutory appeal was properly filed within 30 days of the order appealed from because a motion to reconsider does not toll the deadline for filing a notice of

---

[3]It should be noted that Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017) does not mandate that an appeal from an interlocutory order must be taken; the rule states that an immediate appeal may be taken. However, if a party decides to appeal the interlocutory order, then the notice of appeal must be filed within 30 days of entry of the order. See *In re K.B.*, 2019 IL App (4th) 190496, ¶ 51.

appeal of an interlocutory order in a civil matter. *Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 39.

¶ 26     As noted above, on October 25, 2021, the circuit court denied plaintiff's motion to reconsider the judgment compelling arbitration entered on August 2, 2021, while the interlocutory appeal was pending. Here, because the denial of plaintiff's motion to reconsider was in essence the circuit court's refusal to modify an existing injunction, it was also appealable under Rule 307(a)(1). See *Fuqua v. SVOX AG*, 2014 IL App (1st) 131429, ¶ 15. However, plaintiff did not amend his notice of interlocutory appeal to include review of this order. Accordingly, we do not have jurisdiction to consider the circuit court's denial of plaintiff's initial motion to reconsider entered on October 25, 2021.

¶ 27     Plaintiff then filed a second motion to reconsider on November 12, 2021, attempting to raise a new challenge to the arbitration agreement, also while the interlocutory appeal was pending. No action was taken by the circuit court on the second motion to reconsider until after the interlocutory appeal was decided, but prior to the issuance of the mandate. The circuit court denied plaintiff's second motion to reconsider on April 13, 2022, as moot, because it was filed in November 2021, while the interlocutory appeal was pending.[4] Plaintiff did not include this denial in his October 2022 notice of appeal.

¶ 28     Meanwhile, this court issued its disposition of the interlocutory appeal on January 21, 2022, affirming the circuit court's August 2, 2021, judgment. Plaintiff filed a petition for rehearing on January 28, 2022, which was denied on March 14, 2022. Plaintiff's motion to supplement

---

[4]This was proper, as plaintiff's August 2021 notice of appeal divested the circuit court of jurisdiction to modify the judgment. *Old Second National Bank, N.A. v. Karolewicz*, 2022 IL App (1st) 192091, ¶ 21.

the petition for rehearing, filed on the same day, was denied on March 16, 2022. This court's mandate was subsequently issued on May 12, 2022.

¶ 29    The record indicates that defendant filed its initial attorney fee petition on January 25, 2022, presumably after receiving notice of our interlocutory disposition.

¶ 30    After the disposition of his petition for rehearing in this court, and while the second motion to reconsider was already pending in the circuit court, plaintiff filed an amended second motion to reconsider the underlying order compelling arbitration, raising another new argument, on April 11, 2022. Defendant subsequently filed a motion for sanctions on May 10, 2022.

¶ 31    The circuit court denied plaintiff's amended second motion to reconsider and granted defendant's request for sanctions on July 29, 2022, in a written memorandum order, which plaintiff included for review in his October 2022 notice of appeal. Our supreme court rules do not permit successive postjudgment motions. See Ill. S. Ct. R. 274 (eff. July 1, 2019). Additionally, circuit courts have no authority to hear successive postjudgment motions and lack jurisdiction to do so. *B-G Associates, Inc. v. Giron*, 194 Ill. App. 3d 52, 59-60 (1990). As such, orders denying successive postjudgment motions are not appealable. See *Sears v. Sears*, 85 Ill. 2d 253, 260 (1981). While we believe that this second amended motion to reconsider should have been dismissed for lack of jurisdiction, nevertheless, the circuit court's denial of plaintiff's third motion to reconsider was appropriate as this was an improper successive postjudgment motion that sought the same relief as the initial postjudgment motion to reconsider that was filed on August 2, 2021, as well as in the interlocutory appeal seeking reversal of the order compelling arbitration.

¶ 32    Accordingly, we also do not have jurisdiction to consider the denials of plaintiff's second or amended second motions to reconsider. To the extent that plaintiff's appeal seeks review of

the circuit court's orders entered on October 25, 2021, April 13, 2022, and July 29, 2022, all of which denied various motions to reconsider, we will not consider those issues as we have no jurisdiction.

¶ 33     With that said, what remained in the circuit court's jurisdiction after the issuance of this court's decision on the interlocutory appeal was defendant's fee petition, filed January 25, 2022, and defendant's motion for sanctions, filed May 10, 2022. The motion for Rule 137 sanctions was filed within 30 days of entry of the circuit court's order denying plaintiff's second motion to reconsider as moot (entered April 13, 2022) and plaintiff's improperly filed amended second motion to reconsider (filed April 11, 2022).

¶ 34     Included in the circuit court's July 29, 2022, order was a grant of sanctions of defendant's litigation costs against plaintiff. However, defendant's fee petition remained open, thus plaintiff could not have appealed at that time (under supreme court rules) as the order did not include Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) language. A request for attorney fees is a claim within the meaning of Rule 304(a). *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 983 (1994).

¶ 35     Defendant submitted another fee petition on September 8, 2022, and an amended one on September 27, 2022. The fee petition was later denied for defendant's failure to appear on October 20, 2022, with language in the order stating that it was "final and appealable." Plaintiff then filed its notice of appeal the following day, which included the July 29, 2022, order that granted sanctions. However, there were subsequent proceedings in the circuit court related to defendant's attorney fee petition, and plaintiff filed an amended notice of appeal on January 10, 2023, seeking review of the December 8, 2022, final order that granted defendant's fee petition and closed the case.

¶ 36    We find that we have jurisdiction to consider the entry of sanctions against plaintiff on July 29, 2022, which was included in plaintiff's October 21, 2022, notice of appeal. However, with respect to the grant of defendant's attorney fee petition on December 8, 2022, we find that we do not have jurisdiction to consider this issue as plaintiff's amended notice of appeal was untimely filed.

¶ 37    Pursuant to Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017), the notice of appeal must be filed within 30 days after entry of the final judgment appealed from or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order. Plaintiff did not file a posttrial motion directed against the judgment awarding attorney fees to defendant, thus, his notice of appeal was due within 30 days of December 8, 2022. The deadline to file the notice of appeal was January 7, 2023, however, that was a Saturday, thus the notice of appeal was due the following Monday, or January 9, 2023. See 5 ILCS 70/1.11 (West 2022); *Shatku v. Wal-Mart Stores, Inc.*, 2013 IL App (2d) 120412, ¶ 9 (if the last day falls on a Saturday, Sunday, or legal holiday, the due date is extended to the following business day). However, the record reflects that plaintiff did not file his notice of appeal until January 10, 2023, one day after it was due. Filing of a timely notice of appeal is both mandatory and jurisdictional. *Vines v. Village of Flossmoor*, 2017 IL App (1st) 163339, ¶ 9. Under Rule 303(d), when a party fails to file a timely notice of appeal, we may grant that party leave to appeal if, within 30 days after expiration of the time to file the notice of appeal, the party has filed a motion providing a reasonable excuse for its failure to timely file the notice, accompanied by the proposed notice of appeal. Ill. S. Ct. R. 303(d) (eff. July 1, 2017). No motion for leave to file a late notice of appeal was filed by plaintiff.

Accordingly, we have no jurisdiction to review plaintiff's challenge to the circuit court's December 8, 2022, order granting defendant's attorney fee petition. See *Secura*, 232 Ill. 2d at 218.

¶ 38                    2. Defendant's Motion to Dismiss Plaintiff's Appeal for *Res Judicata*

¶ 39        As noted above, defendant filed a motion to dismiss this appeal on the basis of *res judicata* that was taken with the case. In the motion to dismiss, defendant contends that this appeal is barred by *res judicata* and must be dismissed as all of the issues presented in this appeal were previously ruled on by this court in plaintiff's prior appeal.

¶ 40        *Res judicata* is an equitable doctrine designed to prevent the multiplicity of lawsuits between the same parties and involving the same facts and the same issues. *BankFinancial, FSB v. Tandon*, 2013 IL App (1st) 113152, ¶ 17. It applies to bar matters that were actually decided in the first action, as well as matters that could have been decided. *Id.*

¶ 41        Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) provides that a notice of appeal shall specify the judgment or part thereof or other orders appealed from, and the relief sought from the reviewing court. The filing of a notice of appeal is the jurisdictional step which initiates appellate review. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal. *Id.* Unlike the specificity required in the notice of appeal, the docketing statement only requires a statement of the general issues proposed to be raised by the party, and the failure to include an issue in the docketing statement will not result in the waiver of the issue on appeal. *Id.* at 177-78. The docketing statement provides the appellate court with general information about a case docketed in the court and is not intended to replace the notice of appeal. *Id.* at 178.

¶ 42        We have already determined that we only have jurisdiction to review the circuit court's order from July 29, 2022, the sanctions award, which was entered after disposition of the interlocutory appeal and included in defendant's initial notice of appeal. In this court's prior disposition of plaintiff's interlocutory appeal, we determined only that the circuit court had jurisdiction to award attorney fees to the prevailing party based on the terms of the arbitration agreement. We did not address any substantive issue related to the award of sanctions raised by plaintiff in this appeal, so *res judicata* does not apply. We therefore deny defendant's motion.

¶ 43                             3. Rule 137 Sanctions

¶ 44        Plaintiff contends that the circuit court erred in granting defendant's motion for Rule 137 (Ill. S. Ct. R. 137 (eff. Jan. 1, 2018)) sanctions because he was justified in making "an admittedly unusual request" contained in his amended second motion to reconsider that was supported with caselaw from another jurisdiction. Plaintiff also takes issue with the fact that the arbitration had not happened at the time the brief was submitted and also that the circuit court misread the record and stated that his submissions to the BBB had "issues."

¶ 45        The decision to grant or deny sanctions under Rule 137 is entrusted to the sound discretion of the circuit court, to be overturned only when it appears from the record the court abused its discretion. *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 244 (2000). Because Rule 137 is penal in nature, it must be strictly construed, with each element of a violation specifically proved. *Id.* When reviewing a decision on a motion for sanctions, the primary consideration is whether the circuit court's decision was informed, based on valid reasoning, and followed logically from the facts. *Id.*

¶ 46    In reviewing a motion for sanctions, the circuit court must decide whether the allegations in the underlying complaint were warranted by existing law or a good faith argument for a change in existing law, or whether the allegations were merely meant to harass or unduly delay the proceedings. *Id.* at 243-44.

¶ 47    Here, we do not have a report of proceedings from the hearing on defendant's motion for sanctions. However, we do have benefit of the circuit court's written order that was entered on July 29, 2022, which provides some insight into the circuit court's ruling. That order reads in pertinent part as follows:

> "[p]laintiff's second motion to reconsider was not, after reasonable inquiry, well grounded in fact, warranted by existing law, or brought in good faith to change the law. Here Plaintiff has, almost two years after his initial response brief was filed, brought a new but equally flawed argument as to why the arbitration he failed to participate in should be vacated."

The circuit court then ordered plaintiff's attorney to pay defendant's litigation costs for responding to the second motion to reconsider and preparing its fee petition. Additionally, the record establishes that plaintiff filed a total of three motions to reconsider the August 2, 2021, order of the circuit court: one that was filed while the interlocutory appeal was pending, and another filed after this court already ruled on his interlocutory appeal from the same order, each time attempting to raise a new issue for the circuit court to consider. Plaintiff also filed a petition for rehearing in this court from our decision that affirmed the circuit court's August 2, 2021, order which was denied before he filed the amended second motion to reconsider. Such behavior could support an inference that plaintiff continued to file meritless and untimely motions to reconsider to harass defendant or unduly delay the proceedings. We find that the

circuit court did not abuse its discretion in awarding Rule 137 sanctions to defendant on the record before us.

¶ 48                                    III. CONCLUSION

¶ 49        For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 50        Affirmed.

*Taylor v. Highline Auto Sales, Inc.*, **2023 IL App (1st) 221590**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-CH-02243; the Hon. Caroline Kate Moreland, Judge, presiding. |
| **Attorneys for Appellant:** | Dmitry N. Feofanov, of ChicagoLemonLaw.com, P.C., of Lyndon, for appellant. |
| **Attorneys for Appellee:** | Peter A. Papoutsis, of Papoutsis Law, of Addison, for appellee. |