2026 IL App (1st) 252430-U

THIRD DIVISION
June 24, 2026

No. 1-25-2430

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| KAROLIN MIKHAIL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 2018 D2 30095 |
| | ) | |
| CHARLIE MARBO, | ) | Honorable |
| | ) | Jeanne M. Reynolds, |
| Respondent-Appellant. | ) | Judge Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Dismissing appeal for lack of jurisdiction where the challenged court orders were
        not appealable.

¶ 2    Petitioner Karolin Mikhail (Karolin) sought child support payments from respondent

Charlie Marbo, a/k/a Scharlie Marbo (Charlie), through proceedings initiated in the circuit court

of Cook County in 2018.  The circuit court entered an order in 2019 directing Charlie to pay

approximately $1200 per month in child support and medical support payments.  Although

Charlie initially complied with the support order, Karolin eventually filed a motion for contempt

against him in August 2025, alleging that he had failed to pay more than $50,000.

¶ 3    Following a hearing, the circuit court entered an order on November 6, 2025, finding Charlie to be in indirect civil contempt for his "willful and contumacious" failure to comply with the support order.  The circuit court found that his child support arrearages exceeded $60,000; the order further provided that the commitment was stayed until December 1, 2025, and that Charlie could purge the contempt by posting a "partial purge" of $15,000 with the court clerk. Charlie filed a notice of appeal on November 24, 2025.  He subsequently failed to pay the $15,000 or to appear at a hearing on December 1, 2025, as the circuit court had directed. An order entered on December 1, 2025, committed Charlie to the Cook County Jail and stated that Charlie could purge himself of the contempt by posting $15,000 in cash.

¶ 4    Although his appellant's brief[1] is not entirely clear, Charlie appears to challenge both the orders of November 6, 2025, and December 1, 2025.  As discussed below, we lack jurisdiction to consider these challenges, and we thus dismiss this appeal.

¶ 5                              BACKGROUND

¶ 6    Charlie and Karolin married in 2010 and had three children, born in 2011, 2012, and 2015.  The parties separated in 2016.

¶ 7    On March 1, 2018, the Cook County State's Attorney's Office—on behalf of the Illinois Department of Healthcare and Family Services (Department)—filed a complaint for support in the circuit court of Cook County.  The Department sought an order directing Charlie, as respondent, to pay support in accordance with Illinois child support guidelines retroactive to the parties' separation.  The circuit court entered an order in August 2019, requiring Charlie to make monthly child support payments of $1053 and medical payments of $143 commencing on

---

[1] We note that Charlie did not file a reply brief.

August 30, 2019. The order further provided that if Charlie became delinquent in his payments, he would be required to pay an additional $210.60 per month for delinquent child support.

¶ 8    On August 18, 2025, Karolin filed a *pro se* motion for contempt, wherein she claimed that Charlie had missed payments commencing in 2021 and owed more than $50,000 in unpaid child support, according to Department records. Karolin alleged that Charlie responded with a "gross emoji" when she texted him on August 10, 2025, asking for "help with child support." Karolin was also informed that Charlie was working for a plumbing business for cash, which she viewed as an attempt to avoid garnishment of his wages.

¶ 9    Following a hearing where Karolin, Charlie, and Charlie's attorney appeared, the circuit court entered an order on November 6, 2025, finding that Charlie's child support payments were "$60,000+" in arrears. The circuit court further found that Charlie's failure to comply with the August 2019 support order was willful and contumacious. Charlie was declared to be in indirect civil contempt; the order stated that "[c]ommitment is stayed until December 1, 2025" and that Charlie could purge the contempt by posting a $15,000 "partial purge" with the court clerk. The matter was entered and continued to December 1, 2025, at 9:45 a.m.; Charlie was required to appear in person on that date if he failed to pay the partial purge by November 30, 2025.

¶ 10    On November 24, 2025, Charlie filed a notice of appeal, challenging the November 6, 2025, order pursuant to Illinois Supreme Court Rule 304(b)(5) (eff. Mar. 8, 2016), which provides that "[a]n order finding a person or entity in contempt of court which imposes a monetary or other penalty" is appealable without a special finding from the circuit court.

¶ 11    The record on appeal then includes a circuit court order entered on December 1, 2025, which ordered Charlie committed to the Cook County Jail, "there to remain until [he] shall have purged [himself] of contempt by posting $15,000 cash[.]" The order stated that Charlie did not

pay the partial purge or make any payments toward his $60,000 in child support arrearages. The order further stated that while Karolin testified that Charlie was in the courthouse on the morning of December 1, 2025, he had not appeared in the courtroom as of 10:40 a.m.

¶ 12                                    ANALYSIS

¶ 13     Charlie, represented by counsel, appears to advance two primary contentions on appeal. He initially argues that the contempt order was erroneously entered, as he was unable to pay the purge amount (or any amount). Charlie claims that the suspension of his driver's license due to missed child support payments resulted in the loss of his truck-driving job during the COVID-19 pandemic. Charlie also maintains that the circuit court incorrectly assumed that his attorney charged him for his representation in this case. He intimates that this assumption contributed to the circuit court's finding that his nonpayment of child support was "willful and contumacious," *i.e.*, the circuit court believed that he opted to pay attorney fees rather than support obligations.

¶ 14                              *Appellant's Brief*

¶ 15     As a threshold matter, we must note that our ability to discern Charlie's contentions was significantly hindered by the inadequacies of his brief, including his violations of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. Among other things, the brief does not include the table of contents required by Illinois Supreme Court Rule 341(h)(1) (eff. Oct. 1, 2020), instead noting that "[t]he Points and Authorities are all expressed in the body of this Appeal and does not require repetion [*sic*] here." As our supreme court rules are not suggestions but have the force of law and must be followed (*Mitchell v. Michael's Sports Lounge*, 2023 IL App (1st) 220011, ¶ 27), this statement is unacceptable. The statement of facts in the brief discusses Charlie's purported job loss and related matters, with citations to a transcript of a hearing conducted in the parties' marital

dissolution case, which apparently was initiated in 2020. This hearing transcript is improperly included in the appendix to the brief even though it is not a part of the record in the instant appeal. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (requiring the statement of facts to include "appropriate reference to the pages of the record on appeal"); Ill. S. Ct. R. 342 (eff. Oct. 1, 2019) (providing that the appendix shall include "materials from the record"). See *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corp.*, 2024 IL 129277, ¶ 20 (providing that "[i]f pleadings, exhibits, or other materials are not in the record, they may not be placed before a reviewing court in an appendix"). In the argument section of the brief, Charlie cites a nonprecedential order which was entered prior to January 1, 2021, in violation of Illinois Supreme Court Rule 23(e)(1) (eff. June 3, 2025). Charlie also references various representations which his counsel made to the circuit court, but he fails to cite to the "pages of the record relied on," as required by Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). The absence of these citations is unsurprising, given that the record does not include a transcript or acceptable substitute for any proceedings in the circuit court. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 323 (eff. July 1, 2017).[2]

¶ 16    Another critical deficiency of Charlie's brief is his noncompliance with Illinois Supreme Court Rule 341(h)(4)(ii) (eff. Oct. 1, 2020), which requires the appellant's brief to contain a jurisdictional statement which includes, among other things, "the date that the order being

---

[2] Even if the jurisdictional defects were not fatal to this appeal—as discussed herein—we cannot assess whether the circuit court abused its discretion (as Charlie contends) absent a report of proceedings. See *Scatchell v. Board of Fire & Police Commissioners for the Village of Melrose Park*, 2022 IL App (1st) 201361, ¶ 129 (observing that the appellant has the burden of presenting a sufficiently complete record to support a claim of error, and "[i]f the record is missing key pieces, we will presume that the order entered by the trial court conformed with the law and was supported by a sufficient factual basis"). See also *In re Marriage of Harnack & Fanady*, 2022 IL App (1st) 210143, ¶ 47 (noting that "[w]hether a party is guilty of contempt is a question of fact to be resolved by the circuit court, and its resolution of the issue will not be disturbed on appeal unless it is against the manifest weight of the evidence or the record reflects an abuse of discretion").

appealed was entered and any other facts which are necessary to demonstrate that the appeal is timely." The jurisdictional statement in Charlie's brief provides, in its entirety, as follows: "This Court has jurisdiction of this Appeal is [*sic*] founded upon Rule 304(b)(4) of the Supreme Court Rules of the State of Illinois." His reference to Rule 304(b)(4) appears to be erroneous, as this rule is inapplicable herein. See Ill. S. Ct. R. 304(b)(4) (eff. Mar. 8, 2016) (addressing a final judgment or order entered in a proceeding under section 2-1402 of the Code of Civil Procedure). While we presume that Charlie intended to invoke Illinois Supreme Court Rule 304(b)(5) (eff. Mar. 8, 2016), as provided in his notice of appeal, he failed to articulate which orders he is challenging. As discussed below, we find that the jurisdictional deficiencies are fatal to his appeal. *Taylor v. Highline Auto Sales, Inc.*, 2023 IL App (1st) 221590, ¶ 19 (observing that "[e]ven when no party raises the question, a reviewing court has a duty to consider *sua sponte* its jurisdiction and dismiss the appeal if it determines that jurisdiction is lacking").

¶ 17                    *Order Entered on November 6, 2025*

¶ 18    A notice of appeal is a procedural device filed with the circuit court which vests jurisdiction in the appellate court to allow review of the judgment. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173 (2011). See *Taylor*, 2023 IL App (1st) 221590, ¶ 20 (noting that the "timely filing of a notice of appeal is both jurisdictional and mandatory"). Without a properly filed notice of appeal, the appellate court lacks jurisdiction and must dismiss the appeal. *General Motors Corp.*, 242 Ill. 2d at 176. In this case, Charlie filed a notice of appeal on November 24, 2025, wherein he challenged the order entered on November 6, 2025, which found him to be in civil contempt. "A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *Id.* As Charlie's notice of appeal solely referenced the November 6, 2025, order, we limit our review to such order.

¶ 19    As noted above, the notice of appeal references Illinois Supreme Court Rule 304(b)(5) (eff. Mar. 8, 2016), which provides that an "order finding a person or entity in contempt of court which imposes a monetary or other penalty" is appealable without any special finding by the circuit court. The order of November 6, 2025, found that Charlie owed more than $60,000 in child support and held him in indirect civil contempt for willful failure to obey the support order entered in August 2019. The November 6, 2025, order did not, however, impose a "monetary or other penalty," as required by Rule 304(b)(5). *In re Marriage of Gutman*, 232 Ill. 2d 145, 153 (2008) (noting that "[u]ntil the entry of a contempt order imposing a sanction, a contempt petition provides no basis for obtaining immediate appellate jurisdiction over any part of the case under Rule 304(b)(5)"); *Pedigo v. Youngblood*, 2015 IL App (4th) 140222, ¶ 17 (noting that a contempt order which does not impose sanctions is not final and not reviewable).

¶ 20    The order provided, in part, that commitment was stayed until December 1, 2025, and the contempt could be purged by posting a "partial purge" of $15,000 with the court clerk. As any commitment was temporarily stayed—and the $15,000 amount simply reflected a partial payment of what Charlie already owed—no "penalty" was imposed for purposes of Rule 304(b)(5). See *In re Marriage of Schwieger*, 379 Ill. App. 3d 687, 689 (2008) (finding that an order was not appealable under Rule 304(b)(5), as it calculated and ordered payment "of what is already due" and thus could not "reasonably be understood as a punishment"); *Fidelity Financial Services, Inc. v. Hicks*, 267 Ill. App. 3d 887, 890 (1994) (noting that a contempt order which "accomplishes no more than implementing prior orders" is not final and appealable); *In re Marriage of Buchmiller*, 135 Ill. App. 3d 182, 185 (1985) (dismissing an appeal where the contempt order "calls for no liability to the respondent beyond that already occasioned by earlier orders of the court entered prior to the finding of contempt"). See also *Sachdev v. Sachdev*, 2026

IL App (1st) 241431-U (finding no jurisdiction under Rule 304(b)(5) where the circuit court held the respondent in contempt and set a purge amount of half of the total amount which he owed).

¶ 21     As Charlie "had neither been sanctioned nor committed with respect to the finding of contempt" (*In re Marriage of Sanchez & Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 24) at the time he filed his notice of appeal, the November 6, 2025, order was not final and appealable.

¶ 22                                    *Amending the Docketing Statement*

¶ 23     As discussed above, the notice of appeal was filed on November 24, 2025, and solely referenced the contempt order entered on November 6, 2025.  Although Charlie did not amend the notice of appeal or file another notice of appeal to include the December 1, 2025, order, he requested and was permitted to amend his docketing statement to include the December 1, 2025, order.  The amended docketing statement, however, does not provide us with jurisdiction as to the December 1, 2025, order.  As our supreme court has stated, it is "axiomatic" that "a docketing statement does not confer jurisdiction on the appellate court to consider the matter." *General Motors Corp.*, 242 Ill. 2d at 177.  While a docketing statement provides the appellate court with general information regarding a case, "it is not intended to replace a notice of appeal." *Id*. at 178.  If Charlie wanted to challenge the December 1, 2025, order, he was required to amend his November 24, 2025, notice of appeal or to file a second notice of appeal, which he did not do.  See *id.*; *Taylor*, 2023 IL App (1st) 221590, ¶ 26 (finding no appellate jurisdiction where the party did not amend his notice of interlocutory appeal to include review of the salient order).

¶ 24     An appellant has the burden of establishing appellate jurisdiction.  *Shared Imaging, LLC v. Hamer*, 2017 IL App (1st) 152817, ¶ 19.  For the reasons discussed herein, Charlie has not met his burden.  As an "appeal must be dismissed where our jurisdiction is lacking" (*Marriage of Sanchez & Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 20), we hereby dismiss this appeal.

¶ 25                           CONCLUSION

¶ 26    This appeal is dismissed for lack of appellate court jurisdiction.

¶ 27    Appeal dismissed.