# Illinois Official Reports

## Appellate Court

---

**Pedigo v. Youngblood, 2015 IL App (4th) 140222**

---

| | |
|---|---|
| Appellate Court Caption | BRUCE A. PEDIGO; ANN, INC., d/b/a JOE'S WRECKER SERVICE; and THOMAS WRIGHT, Plaintiffs-Appellees, v. SEAN YOUNGBLOOD, Defendant-Appellant, and KIRA, LLC, d/b/a BLOOMINGTON NORMAL TOWING & RECOVERY; SARA HARSHA; DION SMITH; BOBBY HEINRICH; and BN WRECKER LLP, Defendants. |
| District & No. | Fourth District<br>Docket No. 4-14-0222 |
| Filed | October 8, 2015 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 12-L-58; the Hon. Rebecca Simmons Foley and the Hon. Paul G. Lawrence, Judges, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Joe C. Pioletti, of Pioletti & Pioletti, of Eureka, for appellant.<br><br>Rory McGinty, of Law Offices of Rory K. McGinty PC, of Downers Grove, for appellees. |

Panel                    JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.

Justices Knecht and Appleton concurred in the judgment and opinion.

**OPINION**

¶ 1      In March 2014, the trial court found defendant, Sean Youngblood, in contempt for willfully and contumaciously failing to comply with a court order to produce documents sought by plaintiffs, Bruce A. Pedigo; Ann Inc., d/b/a Joe's Wrecker Service; and Thomas Wright. The remaining defendants, Kira, LLC, d/b/a Bloomington Normal Towing & Recovery; Sara Harsha; Dion Smith; Bobby Heinrich; and BN Wrecker LLP, are not parties to this appeal. As part of its contempt order, the court ordered Youngblood to pay reasonable attorney fees, to be determined when and if plaintiffs filed a fee petition.

¶ 2      Youngblood appeals, asserting the trial court erred by (1) finding him in indirect civil contempt, (2) imposing compensatory damages as a sanction, and (3) entering an order while a motion to disqualify the trial judge remained pending. We dismiss this appeal for lack of jurisdiction.

¶ 3                         I. BACKGROUND

¶ 4      In April 2012, plaintiffs filed a complaint, alleging defendants committed various acts of (1) defamation *per se* (counts I, III, V, and VII) and (2) false light invasion of privacy (counts II, IV, VI, and VIII). The parties belong to rival towing companies that are in direct competition with one another in the Bloomington-Normal area.

¶ 5      In August 2013, plaintiffs filed a motion to compel Youngblood to answer the plaintiffs' request for discovery, which the trial court granted later that month, ordering Youngblood to produce the requested discovery. In September 2013, as part of a motion for sanctions, plaintiffs requested leave to file a petition for rule to show cause. In December 2013, the court entered an order granting plaintiffs leave to file a rule to show cause. That same day, plaintiffs filed a rule to show cause.

¶ 6      On March 4, 2014, the trial court held a hearing regarding several pending issues, including plaintiffs' rule to show cause. Following the hearing, the court found Youngblood in indirect civil contempt and asked plaintiffs to submit a proposed order. In its oral pronouncement, the court stated it would "allow reasonable attorney fees," for which plaintiffs' counsel was "directed to submit a fee petition so the court can review that for its reasonableness." On March 10, 2014, Youngblood filed a notice of appeal. The notice of appeal indicated Youngblood was appealing the court's March 10, 2014, order; however, nothing in the record shows an order was filed on that date. Rather, the record reflects, on March 13, 2014, the trial court entered its written order finding Youngblood in contempt. The written order (1) found Youngblood in indirect civil contempt, (2) awarded plaintiffs "reasonable attorney fees," and (3) stated "plaintiffs may file a fee petition seeking a determination of reasonable attorney's fees."

¶ 7    On March 17, 2014, plaintiffs filed a fee petition requesting attorney fees in the amount of $5,302.50 for the discovery violation and $712.50 for the filing of the fee petition. Notably, on June 16, 2014, the record on appeal was prepared and certified. At that time, the trial court had not yet ruled on the fee petition to determine the amount of attorney fees Youngblood would be ordered to pay.

¶ 8    In March 2015, while this case was pending on appeal, plaintiffs filed a motion for sanctions pursuant to Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994), asserting Youngblood filed a frivolous appeal. We ordered plaintiffs' motion be taken with the case. In June 2015, Youngblood filed a response stating his appeal was taken in good faith.

¶ 9                                                    II. ANALYSIS

¶ 10    On appeal, Youngblood contends the trial court erred by (1) finding him in indirect civil contempt, (2) imposing compensatory damages as a sanction, and (3) entering an order while a motion to disqualify the trial judge remained pending. Plaintiffs, in turn, assert this court lacks jurisdiction over the appeal because (1) Youngblood appeals from an order entered March 10, 2014, and no such order exists, and (2) the written order entered March 13, 2014, finding Youngblood in contempt did not set an amount for the sanction imposed. Thus, before reaching Youngblood's arguments, we first examine the question of jurisdiction.

¶ 11                                                  A. Jurisdiction

¶ 12    In this situation, the parties' case remains pending before the trial court, as the contempt order did not dispose of the entire proceeding. Accordingly, we must consider our jurisdiction pursuant to Illinois Supreme Court Rule 304 (eff. Feb. 26, 2010), which governs the appeal of final judgments that do not otherwise dispose of the entire proceeding. Generally speaking, unless an order is exempt under subsection (b), in order to take an appeal prior to the court entering a final order, the aggrieved party must obtain a special finding from the court stating there is no just reason for delaying the appeal. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). A contempt finding falls under one of the exemptions as set forth in subsection (b)(5), which permits a party to immediately appeal "[a]n order finding a person or entity in contempt of court which imposes a monetary or other penalty." Ill. S. Ct. R. 304(b)(5) (eff. Feb. 26, 2010).

¶ 13    Youngblood asserts the trial court's March 4, 2014, oral pronouncement, and subsequent March 13, 2014, written order (1) found him in contempt and (2) imposed a monetary or other penalty, thus fulfilling the requirements for this court's jurisdiction under Rule 304(b)(5). Conversely, plaintiffs assert we lack jurisdiction because (1) Youngblood filed his notice of appeal prior to the entry of the March 13, 2014, written order, and (2) the court imposed no monetary sanctions until August 2014, more than five months after Youngblood filed his notice of appeal and two months after the record had been prepared and certified for purposes of this appeal.

¶ 14    Following a March 4, 2014, hearing, the trial court, in its oral pronouncement, found Youngblood in contempt and ordered reasonable attorney fees as a sanction. The court thereafter instructed plaintiffs' counsel to prepare a written order and directed him to submit a fee petition. On March 13, 2014, the court entered a written contempt order, stating, in part, "[a]s a sanction for indirect civil contempt, defendant Youngblood shall pay reasonable attorney's fees incurred by plaintiffs as a result of his failure to answer plaintiffs' first requests

- 3 -

to produce." The order then stated, "plaintiffs may file a fee petition seeking a determination of reasonable attorney's fees."

¶ 15    According to Illinois Supreme Court Rule 303 (eff. Sept. 1, 2006), "[a] notice of appeal filed after the court announces a decision, but before the entry of the judgment or order, is treated as filed on the date of and after the entry of the judgment or order." Thus, Youngblood's March 10 notice of appeal, filed after the court's oral pronouncement, is to be treated as filed on the date and after the entry of the March 13, 2014, written order. Moreover, though Youngblood's notice of appeal stated the wrong date for the court's contempt order, the notice of appeal sufficiently articulated the substance of the order such that plaintiffs were informed of the relief Youngblood sought. See *In re Estate of Malloy*, 96 Ill. App. 3d 1020, 1024, 422 N.E.2d 76, 80 (1981). Next, we turn to plaintiffs' contention that we lack jurisdiction because the written order of contempt entered March 13, 2014, did not set an amount for the sanction imposed.

¶ 16    Youngblood asserts the court's order that he pay "reasonable attorney fees" constitutes a monetary sanction, thus bringing the order under this court's jurisdiction. In support, Youngblood relies on *Lewis v. Family Planning Management, Inc.*, 306 Ill. App. 3d 918, 715 N.E.2d 743 (1999), to distinguish the present case from a situation in which the court imposed no sanctions. In *Lewis*, the court held it lacked jurisdiction over the appeal because there was no finding of contempt and no imposition of a fine or any other sanction for contempt. *Id.* at 922, 715 N.E.2d at 747. Here, Youngblood argues, the court imposed a sanction of "reasonable attorney fees," thus rendering the order final and appealable despite the lack of a specific ruling as to the amount of sanctions. We find Youngblood's reliance on *Lewis* unpersuasive as Lewis fails to address the issue in this appeal, that being, whether a contempt order granting reasonable attorney fees, in an amount to later be determined, is appealable under Illinois Supreme Court Rule 304 (eff. Feb. 26, 2010).

¶ 17    On March 10, 2014, when Youngblood filed his notice of appeal, and on March 13, 2014, when the court entered its written order, plaintiffs had not filed a fee petition, nor had the trial court imposed a specific monetary sanction. In fact, the record on appeal, which was certified in June 2014, fails to reflect a court order setting the amount of "reasonable attorney fees." "A contempt order that does not impose sanctions is not final and not reviewable." *In re Estate of Hayden*, 361 Ill. App. 3d 1021, 1026, 838 N.E.2d 93, 98 (2005). Because the court, in its March 13, 2014, written order, did not impose a specific monetary sanction, we cannot review the appropriateness of the sanction. Such a review would require us to speculate as to whether a sanction, monetary or otherwise, was later imposed. We are not inclined to do so.

¶ 18    Accordingly, because Youngblood appealed the contempt order prior to the trial court imposing a monetary sanction, this court lacks jurisdiction under Rule 304(b)(5) to entertain the merits of his appeal.


¶ 19                          B. Appellate Court Sanctions

¶ 20    Having determined we lack jurisdiction to hear Youngblood's appeal, we next address plaintiffs' request for sanctions pursuant to Rule 375. Under Rule 375, this court may impose sanctions where a party (1) willfully fails to comply with the appeal rules; or (2) files an appeal that is frivolous or otherwise not taken in good faith, such as to harass, delay, or cause needless expense. Ill. S. Ct. R. 375 (eff. Feb. 1, 1994). An appeal is frivolous "where it is not reasonably

well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 21 Here, Youngblood claims he filed this appeal in a good-faith attempt to address the underlying discovery issue. However, the record belies that assertion. First, though Youngblood initially filed a motion to vacate the trial court's August 2013 order compelling him to comply with discovery, he later withdrew his motion and said he understood, by doing so, he was agreeing to comply with the motion to compel. Thus, Youngblood cannot now claim he had a good-faith reason well-grounded in fact for failing to comply with the court order he agreed to follow. Second, this is not the first occasion on which Youngblood has prematurely appealed a trial-court ruling. In *Youngblood v. McGinty*, 2015 IL App (4th) 140264-U, ¶ 22, this court entered an order dismissing Youngblood's appeal for prematurely appealing a nonfinal order. We also ordered Youngblood to pay sanctions because his appeal was not well-grounded in fact or warranted by law. *Id.* ¶ 36. Likewise, in another appeal brought under the same case, this court entered a summary order dismissing Youngblood's appeal for lack of jurisdiction for prematurely appealing a nonfinal order. *Youngblood v. McGinty*, No. 4-14-0920 (Feb. 20, 2015) (unpublished order under Supreme Court Rule 23). Yet, he persists in pursuing a nonfinal order on a third occasion. We therefore conclude Youngblood's actions are taken in an attempt to harass, delay, or cause needless expense to plaintiffs.

¶ 22 Because Youngblood's appeal failed to comply with our jurisdictional requirements and his noncompliance was not made in good faith, we grant plaintiffs' motion for sanctions against Youngblood. At plaintiffs' request, this applies only to Youngblood, not his attorney, as Youngblood filed his notice of appeal while acting *pro se*. We direct plaintiffs to file a statement of reasonable expenses and attorney fees incurred as a result of this appeal within 14 days. Youngblood shall then have seven days to file a response. This court will then file a supplemental order determining the amount of sanctions. See *Penn v. Gerig*, 334 Ill. App. 3d 345, 357, 778 N.E.2d 325, 336 (2002).

¶ 23 III. CONCLUSION

¶ 24 For the foregoing reasons, we dismiss this appeal for lack of jurisdiction. Additionally, we grant plaintiffs' motion for sanctions pursuant to Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994).

¶ 25 Appeal dismissed.