2025 IL App (1st) 242290-U

No. 1-24-2290

Third Division
December 17, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

|  |  |
|---|---|
| *In re* MARRIAGE OF | ) |
| | ) |
| | ) Appeal from the Circuit Court |
| MELVIN COX, JR., | ) of Cook County. |
| | ) |
|     Petitioner-Appellant, | ) No. 2018 D 10858 |
| | ) |
| and | ) The Honorable |
| | ) Geri Pinzur Rosenberg, |
| DYANI COX, | ) Judge Presiding. |
| | ) |
|     Respondent-Appellee. | ) |
| | ) |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Martin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held:*  The appeal is dismissed for lack of jurisdiction, where a petition for attorney fees remained pending at the time of the filing of the instant appeal and the order from which petitioner appeals did not contain a Rule 304(a) finding.

¶ 2    The instant appeal arises from proceedings related to the dissolution of the marriage of petitioner Melvin Cox, Jr., and respondent Dyani Cox. As part of the dissolution proceedings, the circuit court entered a judgment for dissolution of marriage which set forth certain obligations concerning child support for the parties' three minor children. Petitioner,

respondent, and the children all subsequently moved out of Illinois. In 2024, however, respondent filed a motion concerning the child support award in the circuit court of Cook County, which the circuit court granted. On appeal, petitioner contends that the circuit court lacked the authority to modify the child support award where all of the involved parties had since left the state. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4                              *Dissolution of Marriage*

¶ 5        The parties were married in 2010, and had three children, born in 2013, 2015, and 2016. Petitioner filed a petition for dissolution of marriage on December 12, 2018; respondent filed a counterpetition for dissolution of marriage on April 25, 2019. After a trial, on September 22, 2020, the circuit court entered a judgment for dissolution of marriage (dissolution judgment), in addition to an allocation of parental responsibilities judgment (parental responsibilities judgment) which named respondent as the parent with the majority of parenting time as well as the parent with final significant decisionmaking responsibilities regarding the parties' children.

¶ 6        As relevant to the instant appeal, the dissolution judgment ordered petitioner to pay child support to respondent in an amount based on their respective earned incomes. He was also ordered to satisfy a child support arrearage and to contribute to the children's health insurance premiums through monthly payments. The dissolution judgment generally provided that respondent was responsible for 60% and petitioner was responsible for 40% of the child care and school expenses, summer camp costs, and uncovered medical expenses.

¶ 7        In a provision entitled "True-up," the dissolution judgment required the parties to exchange their W-2 forms and year-end paycheck stubs by February 28 of each year, and to exchange

filed income tax returns within 14 days of receiving accepted returns from federal and state agencies. The purpose of the exchange was to determine whether petitioner had paid too much or too little child support based on the statutory income guidelines. Within 60 days of the recalculation, petitioner was required to pay respondent any additional amounts owed, or respondent was required to refund any overpayment to petitioner.

¶ 8                                *Relocation of Parties*

¶ 9        On March 3, 2021, respondent filed a motion seeking court permission to relocate to Detroit, Michigan, with the parties' minor children. Respondent claimed that petitioner initially agreed to a modified parenting schedule in connection with the move, but later expressed opposition to the proposed relocation, stating that he was unwilling to change the parenting schedule. Petitioner filed a *pro se* response to the motion, objecting to the proposed relocation and requesting that he become the parent with the majority of the parenting time.

¶ 10       On September 2, 2021, the circuit court granted respondent's motion to relocate with the children. In addition, in November 2021, the circuit court modified the parties' parenting time under the parental responsibilities judgment, as petitioner had since relocated to Georgia. The order detailed the parties' parenting time schedules during the school year, the summer, and school breaks. The circuit court also entered an order for support, based on the parties' true-up concerning their 2020 annual incomes.

¶ 11       In June 2022, petitioner filed a petition for rule to show cause and for a finding of indirect criminal contempt against respondent, contending that respondent had failed to comply with the terms of the parental responsibilities judgment by refusing to transport the children for petitioner's spring break or summer parenting time. The circuit court struck petitioner's

petition for rule to show cause "because this Court lacks jurisdiction over this matter, as neither Petitioner, Respondent nor the minor children continue to live in the state of Illinois."

¶ 12                                         *2024 Proceedings*

¶ 13        On July 16, 2024, respondent filed a *pro se* motion to modify child support, asking the circuit court to increase petitioner's child support obligation due to an alleged substantial increase in his income. On the same day, she also filed a *pro se* petition for rule to show cause, claiming that since 2022, petitioner had failed to pay approximately $6,000 in child support and had failed to reimburse approximately $1,500 in extracurricular and healthcare expenses. On July 24, 2024, with the parties present via Zoom, the circuit court entered an order referring the parties to a hearing officer for a hearing on modification of child support. In addition, the circuit court dismissed respondent's petition for rule to show cause without prejudice "as it is legally insufficient." The circuit court gave the parties until August 14, 2024, to file appearances either through counsel or on their own behalf.

¶ 14        On August 14, 2024, petitioner filed a *pro se* appearance. In addition, petitioner filed a *pro se* answer, as well as *pro se* affirmative defenses, denying that there had been a substantial increase in his income. On August 22, 2024, respondent filed an appearance through counsel.

¶ 15        On September 11, 2024, respondent filed another petition for rule to show cause—this time through counsel—alleging that petitioner had failed to pay approximately $6,200 in child support and failed to reimburse approximately $2,000 in expenses. In response, petitioner claimed that he had not received receipts or proof of payment for expenses, as required. He also contended that respondent had failed to provide her 2022 or 2023 income tax returns, as required by the dissolution judgment, which prevented a calculation of his overpayment or

underpayment of child support expenses. He also filed objections to portions of the hearing officer's recommendations.[1]

¶ 16     Following an evidentiary hearing, the circuit court entered a judgment on October 17, 2024, in favor of respondent and against petitioner in the amount of $9,443.07. In a separate written order, the circuit court found that there had been a substantial change of circumstances since the last child support order was entered on November 10, 2021; that "[t]he parties can conduct an annual true-up without exchanging income tax returns"; and that petitioner had willfully and contumaciously refused to comply with the previous court orders to pay child support and expenses. The circuit court accordingly modified petitioner's support obligation, ordered him to pay $7,452.72 in child support arrearages and $1,990.35 in unreimbursed expenses, and granted respondent leave to file a petition for attorney fees.

¶ 17     On November 7, 2024, respondent filed a petition for attorney fees, requesting that petitioner pay $5,010 in attorney fees. On November 15, 2024, the circuit court entered an order granting plaintiff until December 13, 2024, to file a response to the fee petition and setting the matter for hearing on January 14, 2025.

¶ 18     On November 18, 2024, petitioner filed a notice of appeal from the October 2024 order, requesting that the order be vacated and that the circuit court be ordered to "[e]nforce Section C of the September 22, 2020, Judgement [*sic*] for Dissolution. Require [respondent] prove all aspects of C4, C7 and C9 were explicitly followed before seeking courts['] assistance in matters pertaining to child support and child-related expenses." As relevant to the instant appeal, "Section C" of the dissolution judgment refers to the child support provisions. More specifically, "C4 [and] C7" are the provisions requiring respondent to provide receipts or proof

_____

[1] The hearing officer's recommendations are not included in the record on appeal.

of payment for uncovered medical expenses and extracurricular activity expenses, while "C9" is the true-up provision.

¶ 19 Subsequent to the filing of the notice of appeal, on December 13, 2024, petitioner filed a response to respondent's fee petition, requesting that respondent be ordered to pay her own attorney fees.

¶ 20                                    ANALYSIS

¶ 21 On appeal, petitioner, who is appearing *pro se*, raises three issues. First, he contends that the circuit court lacked the authority to modify the child support order where the parties all lived out of state and not all parties had consented to Illinois retaining jurisdiction. Second, he claims that the circuit court erred in failing to enforce the true-up provision of the dissolution judgment. Finally, petitioner argues that the circuit court erred in modifying the child support award. Prior to considering petitioner's argument, however, we must discuss our jurisdiction to consider the instant appeal.

¶ 22 While not raised by either party, we have a duty to *sua sponte* determine whether we have jurisdiction to consider the issues raised in the instant appeal. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). The question of appellate jurisdiction presents an issue of law, which we review *de novo*. *In re Marriage of Demaret*, 2012 IL App (1st) 111916, ¶ 25; *In re Marriage of Gutman*, 232 Ill. 2d 145, 150 (2008). In this case, at the time that petitioner filed a notice of appeal from the circuit court's October 2024 order, respondent's petition for attorney fees remained pending. We must therefore consider whether the pending fee petition affects the appealability of the circuit court's order.

¶ 23 After the circuit court entered its order in October 2024, respondent sought attorney fees pursuant to sections 508(a) and (b) of the Illinois Marriage and Dissolution of Marriage Act

(Act) (750 ILCS 5/508(a), (b) (West 2024)). Specifically, respondent requested attorney fees in connection with the modification of the child support order pursuant to section 508(a) and contended that she was also entitled to attorney fees due to petitioner's failure to comply with prior court orders pursuant to section 508(b). Petitioner's response to the fee petition was filed in December 2024, after the November 2024 filing of the notice of appeal in the instant case, and the only other information as to the fee petition contained in the record on appeal indicates that the matter was set for hearing on January 14, 2025. As such, the record on appeal does not reflect that the fee petition was resolved.[2]

¶ 24    Generally, an appellate court has jurisdiction only to consider appeals from final judgments. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). For purposes of appealability, a judgment is final "if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *Verdung*, 126 Ill. 2d at 553. Where an order resolves less than all of the claims brought by a party, the order is not final and appealable. *In re Marriage of Susman*, 2012 IL App (1st) 112068, ¶ 12.

¶ 25    Rule 304(a), however, provides an exception to the general rule, permitting appeals from final judgments "as to one or more but fewer than all of the parties or claims," so long as the circuit court has made an express written finding that there is no just reason for delaying either enforcement or appeal, or both. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). In the context of postdissolution proceedings, such as in the case at bar, "unrelated postdissolution matters constitute separate claims, so that a final order disposing of one of several claims may not be

---

[2] Respondent's appellate brief suggests that the fee petition was resolved on the January 2025 court date. Petitioner's appellate briefs are silent on the matter.

appealed without a Rule 304(a) finding." *In re Marriage of Crecos*, 2021 IL 126192, ¶ 45; see also *Taylor v. Highline Auto Sales, Inc.*, 2023 IL App (1st) 221590, ¶ 34 ("A request for attorney fees is a claim within the meaning of Rule 304(a).").

¶ 26    In this case, as noted, at the time of the filing of the notice of appeal, respondent's fee petition remained unresolved. The pending fee petition rendered the circuit court's October 2024 order nonappealable in the absence of a Rule 304(a) finding by the circuit court. See, *e.g.*, *In re Marriage of Teymour*, 2017 IL App (1st) 161091, ¶ 43 (no appellate jurisdiction where fee petitions were pending and there was no Rule 304(a) finding); *In re Marriage of Dodd*, 2021 IL App (2d) 200443-U, ¶ 38 (at the time of filing the notice of appeal, there was no appellate jurisdiction where a fee petition was pending and there was no Rule 304(a) finding). As such, we lack appellate jurisdiction to consider petitioner's claims on appeal.

¶ 27    We observe that Rule 304(b)(6) provides that "[a] custody or allocation of parental responsibilities judgment or modification of such judgment" is appealable without the necessity of a Rule 304(a) finding. Ill. S. Ct. R. 304(b)(6) (eff. Mar. 8, 2016). The October 2024 order, however, which is at issue in this case concerned modification of the dissolution judgment and the child support obligations contained therein, not the parental responsibilities judgment, so Rule 304(b)(6) is inapplicable. See, *e.g.*, *In re Marriage of Trend*, 2023 IL App (3d) 230012-U, ¶¶ 28-29 (finding appellate jurisdiction to consider order modifying parental responsibilities judgment, but no appellate jurisdiction to consider order modifying child support). Accordingly, there is no basis for finding jurisdiction on the record currently before us.

¶ 28    We recognize, however, that the fee petition was set for hearing nearly a year ago and it is highly likely that it has since been resolved—indeed, respondent represents in her brief on

appeal that the hearing proceeded as scheduled in January 2025. If that is the case, petitioner could have filed a notice of appeal after the resolution of all pending matters, and we would have had jurisdiction to consider his claims under Rule 301. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Given, however, that a notice of appeal must be filed within 30 days after the entry of the judgment, the time for filing a notice of appeal has long since expired. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 29    Petitioner, then, would need to establish the effectiveness of the already-filed notice of appeal in order for us to have jurisdiction to consider his claims on appeal. Rule 303(a)(2) permits a notice of appeal which has been filed prematurely to take effect at the time the final pending claim has been resolved. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017); *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 17. Thus, upon the disposition of the fee petition, petitioner's notice of appeal would have become effective and we would have jurisdiction over petitioner's appeal, as there would no longer be any pending matters affecting the appealability of the October 2024 order. See, *e.g.*, *Dodd*, 2021 IL App (2d) 200443-U, ¶ 39 (notice of appeal became effective under Rule 303(a)(2) when the circuit court resolved the pending fee petition). Consequently, while we dismiss the appeal based upon the record presently before us, if the fee petition has, in fact, been resolved during the pendency of the appeal, petitioner may file a petition for rehearing and seek to supplement the record with evidence of this court's jurisdiction to consider the merits of his appeal. See *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1050 (2007).

¶ 30                                              CONCLUSION

¶ 31        We dismiss the appeal for lack of jurisdiction, as the record before us indicates that respondent's fee petition remained pending at the time of the filing of the instant notice of appeal and the circuit court did not make a Rule 304(a) finding.

¶ 32        Appeal dismissed.