2026 IL App (1st) 241431-U

SECOND DIVISION
February 3, 2026

No. 1-24-1431

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| AMITA SACHDEV, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | 15 D 3 30680 |
| | ) | |
| SUMEET SACHDEV, | ) | Honorable |
| | ) | Rossana P. Fernandez, |
| Respondent-Appellant. | ) | Judge Presiding |
| | ) | |

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Van Tine and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held:* Appeal dismissed. Contempt order was not final and appealable judgment. Contempt order did not impose penalty as required for jurisdiction under Rule 304(b)(5). Rule 301 did not provide jurisdiction, as fee petition remained outstanding when notice of appeal was filed, and contempt order contained no Rule 304(a) language.

¶ 2    Since Sumeet and Amita Sachdev's marriage was dissolved in 2017, Sumeet has, in Amita's words, been a "serial violator" of the marital settlement agreement (MSA) and various court orders to compel his compliance. In the latest battle over roughly $450,000 that she claimed she is owed, Amita sought to hold Sumeet in contempt and, in the same petition, prayed for an award of attorney fees incurred to litigate this motion.

¶ 3    The circuit court agreed that Sumeet owed Amita approximately $450,000 based on a

clause in the parties' MSA. The court held Sumeet in indirect civil contempt and ordered him to "purge" the contempt by paying half the total that he owed Amita within 30 days. The court also gave Amita 30 days to file a petition for attorney fees.

¶ 4     Sumeet appealed. We asked for supplemental briefing on the question of appellate jurisdiction. We find jurisdiction lacking for the reasons below and thus dismiss the appeal.

¶ 5     We need only briefly discuss the history of this contentious litigation. The parties were married in 1994, and Amita filed to dissolve the marriage in 2015. In 2017, the parties settled; the court entered a judgment dissolving the marriage. An MSA was incorporated into the judgment which, among other things, required Sumeet to maintain a $3 million life insurance policy and pay Amita permanent maintenance of $11,500 a month for at least 12 years. The MSA also required Sumeet to pay Amita "30 percent of the gross of any other income he earns" within 14 days of receiving that income.

¶ 6     Less than a year later, Amita filed a 12-count contempt petition, alleging that Sumeet wasn't complying with various provisions of the MSA. Among other things, Amita alleged that Sumeet had not been paying the 30 percent of his "other" gross income to Amita. In every single one of the 12 counts of contempt, Amita also asked the court for attorney fees "pursuant to Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act." See 750 ILCS 5/508(b) (West 2024) (when party seeks to enforce order or judgment against noncomplying party, and that noncomplying party's failure to comply is without compelling cause or justification, court shall award attorney fees to prevailing party).

¶ 7     In January 2023, Amita filed an "amended supplemental petition" for a rule to show cause, alleging that Sumeet was still not giving Amita the required 30 percent of his other income. In the petition's prayer for relief, Amita sought compliance with the settlement

agreement and section 508(b) attorney fees to cover the cost of litigating the contempt petition.

¶ 8 After a fair amount of delay and procedural machinations, including a change of counsel, the court ultimately ruled that Sumeet owed Amita approximately $450,000, held him in contempt, and set a "purge" amount of half the total owed, ordering Sumeet to pay that purge amount within 30 days. The court also granted Amita leave to file a section 508(b) petition for attorney fees.

¶ 9 Sumeet filed a motion to reconsider. On June 17, 2025, the court denied the motion and ordered Amita to file her section 508(b) fee petition within 30 days. Sumeet filed a notice of appeal on July 10, 2025, citing the February 2024 and June 2025 orders as the judgments he was appealing. Seven days later, on July 17, 2025, Amita timely filed her section 508(b) fee petition in the circuit court.

¶ 10 In her opening brief, Amita suggested we might not have jurisdiction to hear this appeal, and regardless, we have an independent duty to assess our jurisdiction. *In re Marriage of Devick*, 335 Ill. App. 3d 734, 741 (2002). We ordered supplemental briefing on appellate jurisdiction.

¶ 11 Sumeet first claims jurisdiction under Illinois Supreme Court Rule 304(b)(5) (eff. Mar. 8, 2016), surely the straightest path to jurisdiction if applicable. Rule 304(b)(5) allows an appeal from an "order finding a person or entity in contempt of court which imposes a monetary or other penalty." *Id*. The imposition of a "penalty" is a prerequisite under Rule 304(b)(5). *In re Marriage of Gutman*, 232 Ill. 2d 145, 152 (2008) ("only a contempt *judgment that imposes a sanction* is a final, appealable order") (emphasis in original); *Pedigo v. Youngblood*, 2015 IL App (4th) 140222, ¶ 17 (" 'A contempt order that does not impose sanctions is not final and not reviewable.' " (quoting *In re Estate of Hayden,* 361 Ill. App. 3d 1021, 1026 (2005)).

¶ 12 The court here found Sumeet in contempt, but no "penalty" was imposed; the court

simply ordered Sumeet to pay (half of) the amount of money to which Amita was contractually entitled under the MSA by a date certain. That is not a "penalty." As we explained in *In re Marriage of Schwieger*, 379 Ill. App. 3d 687, 689 (2008), though the court there entered a judgment against the ex-husband in the amount of $76,903 after finding him in contempt,

> "that judgment was merely the amount it calculated that [ex-husband] owed under the dissolution judgment. *** To calculate and order payment of what is already due cannot reasonably be understood as a punishment. Thus, the order that [ex-husband] pay $76,903 did not impose a penalty and so was not appealable under Rule 304(b)(5)."

¶ 13 In other words, "[w]hen an order accomplishes no more than implementing prior orders of the court, occasioning no new liability on the part of the alleged contemnor, the order does not 'prejudice, disable, or penalize' so as to create a final, appealable order" under Rule 304(b)(5). *Fidelity Financial Services, Inc. v. Hicks*, 267 Ill. App. 3d 887, 890 (1994). See also *In re Marriage of Buchmiller*, 135 Ill. App. 3d 182, 185 (1985) (dismissing appeal; court order compelling respondent to assign certain assets to trust and enjoining him from otherwise disposing of them pending outcome of appeal was not "penalty" under Rule 304(b)(5); order "calls for no liability to the respondent beyond that already occasioned by earlier orders of the court entered prior to the finding of contempt, and the order does no more than attempt to implement those orders should they be affirmed on appeal.").

¶ 14 So Rule 304(b)(5) does not supply jurisdiction. Alternatively, Sumeet argues in supplemental briefing that the judgment on appeal was final and appealable under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). We briefly review the applicable law below.

¶ 15 Every final judgment is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), parties may only appeal from final

judgments that dispose of every "claim" in a case, unless the trial court makes an express finding that there is no just reason to delay enforcement or appeal of the judgment. See *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 339 (2001). A "claim" is " 'any right, liability, or matter raised in an action.' " *Marriage of Gutman*, 232 Ill. 2d at 151 (quoting *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465 (1990)); see *Royal Oak Condominium Ass'n v. Stevenson*, 2025 IL App (1st) 242317, ¶ 65.

¶ 16     A motion for contempt is a "claim" under Rule 304. *Marriage of Gutman*, 232 Ill. 2d at 152; *Stevenson*, 2025 IL App (1st) 242317, ¶ 65. So is a petition for attorney fees. *Taylor v. Highline Auto Sales, Inc.*, 2023 IL App (1st) 221590, ¶ 34 ("A request for attorney fees is a claim within the meaning of Rule 304(a)"); *Longo v. Globe Auto Recycling, Inc.*, 318 Ill. App. 3d 1028, 1033 (2001) (same); *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1028 (1999) (same); *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 983 (1994) (same).

¶ 17     In no area of the law has appellate jurisdiction been thornier than marital-dissolution cases. Fortunately, our supreme court's decision in *In re Marriage of Crecos*, 2021 IL 126192, brought some clarity. Appellate jurisdictional principles are quite different for final judgments entered before the marriage is dissolved versus those entered afterward.

¶ 18     A petition for dissolution of marriage "advances a single claim: the parties' request for an order dissolving their marriage." *Id*. ¶ 18. "The other issues involved, including custody, property distribution, and support, are ancillary to the cause of action and do not represent separate, unrelated claims. Rather, those issues are separate issues relating to the same claim." *Id.* "[B]ecause issues raised in a dissolution of marriage case are not separate claims, those issues are not appealable under Rule 304(a)" (*id.*) and are not appealable at all before the final

judgment of dissolution unless they fit in an enumerated exception in the supreme court rules.

¶ 19    But we find this case at the post-dissolution stage, years after the parties' marriage dissolved. Though not long ago there was great confusion about appellate jurisdiction in this area, our supreme court in *Crecos* settled the split among the appellate courts and clarified that, "for purposes of appellate jurisdiction, unrelated postdissolution matters constitute separate claims, so that a final order disposing of one of several claims may not be appealed without a Rule 304(a) finding." *Id.* (Unless, as noted above, an enumerated exception applies, like Rule 304(b)(5), which Sumeet unsuccessfully tried to invoke here.)

¶ 20    Said differently, post-dissolution, if a final judgment is entered on a claim while other claims are pending, that final judgment is not appealable unless the court makes the required Rule 304(a) finding that there is no just reason to delay enforcement of or appeal from the judgment. (Or, again, unless some other exception in the supreme court rules applies.) The supreme court explained its reasoning:

> " 'Where a party files one postdissolution petition, several more are likely to follow. Allowing or requiring parties to appeal after each postdissolution claim is resolved would put great strain on the appellate court's docket and impose an unnecessary burden on those who would prefer not to appeal until the trial court resolves all pending claims. To be sure, justice may on occasion require that a final order disposing of a claim be immediately appealed, rather than held at bay until another pending postdissolution claim is resolved. Yet, Rule 304(a) accommodates those circumstances: the trial court need only enter a Rule 304(a) finding.' " *Id.* ¶ 44 (quoting *In re Marriage of Teymour & Mostafa*, 2017 IL App (1st) 161091, ¶ 39).

¶ 21    As we noted above, it is well and long settled that a petition for attorney fees is a separate

"claim" for purposes of Rule 304(a). *Taylor*, 2023 IL App (1st) 221590, ¶ 34; *Longo*, 318 Ill. App. 3d at 1033; *Brown & Kerr*, 306 Ill. App. 3d at 1028; *F.H. Prince*, 266 Ill. App. 3d at 983. So when a party tries to appeal a judgment on a post-dissolution claim while a petition for attorney fees is still pending in the trial court, absent Rule 304(a) language in that order, the appellate court lacks jurisdiction to consider it. See *Marriage of Teymour*, 2017 IL App (1st) 161091, ¶ 43 (no appellate jurisdiction over post-dissolution claim, as fee petitions were pending in trial court and there was no Rule 304(a) finding); *In re Marriage of Cox*, 2025 IL App (1st) 242290-U, ¶¶ 24-26 (same); *In re Marriage of Dodd*, 2021 IL App (2d) 200443-U, ¶ 38 (same).

¶ 22    In resolving the split among the appellate courts over appellate jurisdiction in the post-dissolution context, the supreme court in *Crecos*, 2021 IL 126192, ¶¶ 21, 25, 41-44, favorably cited, quoted extensively from, and ultimately adopted the reasoning in *Marriage of Teymour,* 2017 IL App (1st) 161091, a case that is markedly on point with the facts before us here.

¶ 23    In that decision, years after the dissolution of the marriage, the ex-wife moved (1) to continue and extend maintenance, (2) to increase child support, (3) for discovery sanctions, and (4) for a contempt finding against her ex-husband for failing to meet his insurance obligations. *Id*. ¶ 4. The court granted the motion to extend maintenance, granted the motion for discovery sanctions, and (as here) found the respondent in indirect civil contempt. *Id*. ¶ 5. But the court imposed no penalty for the contempt (as here), so an appeal under Rule 304(b)(5) was not available. *Id*. The court's orders (as here) did not include a Rule 304(a) finding. *Id*. The court also permitted the ex-wife (as here) to file a fee petition under section 508 of the marital-dissolution statute. (She was likewise granted leave to file a fee petition under Supreme Court Rule 219 regarding the discovery sanctions.) *Id*.

¶ 24    The ex-husband appealed the orders that held him in indirect civil contempt and that

imposed sanctions. *Id.* ¶ 43. At the time he filed the notice of appeal, the fee petitions were still pending; it was unclear to this court whether the child-support matter was still pending, too. *Id.* But "[e]ven assuming that respondent's request for child support was no longer pending when petitioner filed his notice of appeal, respondent's petitions for attorney fees under section 508(a), section 508(b), and Rule 219 were still pending. Because the orders appealed from did not dispose of every claim, this court does not have jurisdiction under Rule 301." *Id.* And "[b]ecause the trial court did not make a finding under Rule 304(a), the orders were not appealable under that rule either." *Id.* We thus dismissed the appeal. *Id.*

¶ 25    The same result obtains here. The indirect civil contempt order did not contain a Rule 304(a) finding, so it was not appealable while the petition for attorney fees was pending. This appeal was premature. We lack jurisdiction to review the contempt order and dismiss this appeal.

¶ 26    If he wanted to appeal the contempt order against him, Sumeet had two options. One, he could have waited until the resolution of the fee petition and then filed a notice of appeal. Or two, he could have sought Rule 304(a) language in the contempt order and appealed it within 30 days of its entry. He did neither, so we lack jurisdiction.

¶ 27    There is one last matter to discuss, something that other courts that have reached this outcome have also addressed. We do not know if the fee petition has been resolved below. Sometimes the parties and the circuit court hold off resolving fee petitions when the underlying matter is on appeal, but we do not know what happened in this case.

¶ 28    If the fee petition remains pending below, then once it is resolved, Sumeet will have thirty days to appeal the contempt order (and if need be, the fee award). See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 29    If, on the other hand, the circuit court has already ruled on the fee petition while this

appeal was pending, then Sumeet's 30-day clock to appeal (both the contempt order and, if need be, the fee order) started to run on that date, and it has likely expired.

¶ 30     But as other courts in this situation have noted, if Sumeet's time to appeal has now expired, he may revive his premature appeal via Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017). "Rule 303(a)(2) permits a notice of appeal which has been filed prematurely to take effect at the time the final pending claim has been resolved." *Marriage of Cox*, 2025 IL App (1st) 242290-U, ¶ 29; see *Marriage of Dodd*, 2021 IL App (2d) 200443-U, ¶ 39 (premature notice of appeal became effective when trial court resolved attorney-fee petition); *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 17 ("this court has long interpreted Rule 303(a)(2) to allow the effectuation of a notice of appeal upon the resolution of a pending claim").

¶ 31     So we follow the path of other courts in this context: "[W]hile we dismiss the appeal based upon the record presently before us, if the fee petition has, in fact, been resolved during the pendency of the appeal, *petitioner may file a petition for rehearing and seek to supplement the record* with evidence of this court's jurisdiction to consider the merits of his appeal." *Marriage of Cox*, 2025 IL App (1st) 242290-U, ¶ 29 (emphasis added); see also *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1050 (2007) ("if pending claims have been resolved and the time to file a new notice of appeal has expired, Rule 303(a)(2) allows respondent to establish the effectiveness of the present notice of appeal. In the latter event, *respondent may file a petition for rehearing and to supplement the record*, thereby establishing our jurisdiction to address the merits.") (emphasis added).

¶ 32     With that caveat, and for the reasons stated above, the appeal is dismissed.

¶ 33     Appeal dismissed.