2026 IL App (2d) 250449-U
No. 2-25-0449
Order filed June 2, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

*In re* THE PARENTAGE OF
B.N. and E.N., minors.

(NICK N., Petitioner-Appellee, v. KELLY-ROSE O., Respondent-Appellant)

Appeal from the Circuit Court of Kendall County.
Honorable Carlo Colossimo, Judge, Presiding.
No. 18-F-72

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1     *Held*:  This court lacks jurisdiction to entertain respondent's appeal as she filed two postjudgment motions, at least one of which remained pending at the time she filed her notice of appeal and the record provided is insufficient to determine the ultimate ruling on those motions.

¶ 2                                I. BACKGROUND

¶ 3     This case began as a parentage action filed by Nick concerning his children, B.N. and E.N. The record reflects that Nick and respondent, Kelly-Rose, had a relationship for several years. Subsequently, they separated and Nick filed this parentage action. Nick was adjudicated as the children's father, and an allocation judgment (AJ) and parenting plan were entered in August 2019.

Nick was given primary custody and the majority of parenting time, while Kelly-Rose was ordered to pay child support.

¶ 4    On January 24, 2022, Kelly-Rose filed an amended petition to modify the AJ and parenting plan. In the petition, she made allegations that the children had suffered various injuries while in Nick's care and that Nick failed to seek or provide proper medical and dental care for the children. Nick's answer to the petition denied the allegations and the trial court ordered the appointment of a guardian *ad litem* (GAL), the cost of which was split equally between the parties.

¶ 5    On September 1, 2022, Kelly-Rose filed a second amended petition to modify the AJ and parenting plan making allegations duplicative of those in the January 22, 2022, petition. On March 17, 2023, the trial court issued an order granting Kelly-Rose seven days to amend the petition. On March 24, 2023, she filed an additional, largely duplicative petition to modify the AJ and parenting plan.

¶ 6    On May 25, 2023, an agreed order was entered resolving Kelly-Rose's second amended petition to modify the AJ and parenting plan. Parenting time was detailed in the order, as well as an agreement to split the fees and costs incurred by the GAL.

¶ 7    On June 1, 2023, Kelly-Rose filed an emergency petition to modify the AJ. The petition made allegations that Nick failed to take the children to certain medical appointments and signed up one of the children for summer school without informing Kelly-Rose. She sought full decision-making authority and termination of her child support obligations. On June 2, 2023, the trial court issued an order denying the emergency petition without prejudice.

¶ 8    On September 19, 2023, Kelly-Rose filed a petition to modify the AJ and parenting plan. The 18-page petition made similar allegations to her previous petitions against Nick regarding his supposed failure to seek proper medical care for the children and failure to adhere to the parenting

plan. Nick filed a motion to dismiss the petition and the trial court granted that motion on January 10, 2024, without prejudice, "for the reasons stated on the record."

¶ 9 On August 12, 2024, Kelly-Rose filed an emergency petition for modification of the AJ and parenting plan. She again alleged that Nick failed to seek medical and dental treatment for the children, as well as various other allegations regarding cell phones and schoolwork. On August 13, 2024, the trial court issued an order finding the petition not to be an emergency and continued the matter to August 30, 2024, for a hearing. Following that hearing, the trial court issued an order appointing a GAL. The GAL fees were ordered to be split evenly between the parties.

¶ 10 On June 6, 2025, Nick filed a petition for sanctions and/or reimbursement of attorney fees and costs, as well as a motion for reallocation of GAL fees. The petitions averred that Kelly-Rose had filed four separate, nearly identical baseless and frivolous petitions to modify the AJ and parenting time, each one triggering the appointment of a GAL and incurring unnecessary attorney fees and costs. The GAL's investigation of the allegations in Kelly-Rose's petitions was found to be untrue. The petitions sought orders against Kelly-Rose for all attorney fees and costs, as well as reallocation of GAL fees solely to Kelly-Rose.

¶ 11 On September 8, 2025, the trial court issued an order granting Nick's motion to reallocate GAL fees. Kelly-Rose was "ordered to pay all GAL fees (past, present, and future) retroactive to 8/30/24." She was further ordered to reimburse Nick the amount paid to the GAL since August 30, 2024.

¶ 12 On October 7, 2025, Kelly-Rose filed a notice of appeal in the trial court listing the judgment date of September 9, 2025[1], as the judgment order appealed from. She stated in the notice

---

[1]The actual date of judgment was September 8, 2025.

that she sought to "change the GAL fees back to 50/50 until the final trial takes place due to lack of evidence on the GAL, the Petitioner not appearing in the Pre-Trial to show evidence; and the lack of acknowledgment towards the children's well-being." Kelly-Rose also filed two additional motions in the trial court on October 7, 2025; a motion for make-up parenting time and a motion to "have GAL fees split 50/50 until appellate court decision."

¶ 13    On October 9, 2025, this court issued a letter acknowledging that the notice of appeal was received, filed, and docketed as No. 2-25-0449. Kelly-Rose filed another motion for make-up parenting time in the trial court on that same day.

¶ 14    On October 10, 2025, the trial court issued an order stating that the Kelly-Rose's "motion filed 10/7/25 is dismissed without prejudice as no one appeared by 10:00 a.m." On October 16, 2025, the trial court issued an order continuing "all pending motions entered" until December 16, 2025. On October 28, 2025, the trial court issued an order suspending matters related to the GAL's investigation and continued "pending matters" to December 16, 2025. Kelly-Rose failed to appear at the October 28, 2025, court date. The common law record provided to this court ends there.

¶ 15                                    II. ANALYSIS

¶ 16    In this appeal, Kelly-Rose asks this court only to examine whether the trial court erred in granting Nick's motion to reallocate GAL fees. However, when Kelly-Rose filed her notice of appeal, at least two motions remained pending in the trial court; the October 7, 2025, motion to "have GAL fees split 50/50 until appellate court decision" and the October 9, 2025, motion for make-up parenting time. The record provided to this court shows no resolution to either of those motions.

¶ 17    Article VI, Section 6 of the Illinois Constitution states that "[a]ppeals from final judgments of a Circuit Court are a matter of right to the Appellate Court***." Ill. Const. 1970, art. VI, § 6.

- 4 -

Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) similarly states that "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 6, 1994). Under Illinois Supreme Court Rule 303 (eff. July 1, 2017), a notice of appeal confers jurisdiction onto this court where it has been filed "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303 (eff. July 1, 2017). Under these rules, jurisdiction can be conferred only if there has been a final order entered. "A final order must dispose of the rights of the parties as to the entire controversy or some part of the controversy, which is definite and separate, so that nothing remains but an execution of the judgment." *In re Marriage of Petraitis*, 263 Ill. App. 3d 1022, 1038 (1993). "[T]he trial court retains jurisdiction in a case until it has disposed of all matters before the court." *Armour & Co. v. Mid–America Protein, Inc.*, 37 Ill.App.3d 75, 77 (1976). Here, according to the record before us, there remain outstanding matters before the trial court. Thus, there is no final, appealable order or judgment.

¶ 18     As the record shows that Kelly-Rose's remaining motions were scheduled to be heard on December 16, 2025, it is certainly possible that the trial court already ruled on those motions while this appeal was pending. Of course, this would mean that Kelly-Rose had 30 days from December 16, 2025, to appeal the resolution of her motion to "have GAL fees split 50/50 until appellate court decision," which was effectively a motion to reconsider the trial court's September 8, 2025, order. But as other courts in this situation have noted, if Kelly-Rose's time to appeal has now expired, she may revive this premature appeal via Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017). "Rule 303(a)(2) permits a notice of appeal which has been filed prematurely to take effect at the time the final pending claim has been resolved." *Marriage of Cox*, 2025 IL App (1st) 242290-U, ¶

29; see *Marriage of Dodd*, 2021 IL App (2d) 200443-U, ¶ 39 (premature notice of appeal became effective when trial court resolved attorney-fee petition); *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 17 ("this court has long interpreted Rule 303(a)(2) to allow the effectuation of a notice of appeal upon the resolution of a pending claim").

¶ 19    Based on the foregoing, we will follow the reasoning of other courts facing similar conundrums: "[W]hile we dismiss the appeal based upon the record presently before us, if the motion to reconsider the reallocation of GAL fees has, in fact, been resolved during the pendency of the appeal, petitioner may file a petition for rehearing and seek to supplement the record with evidence of this court's jurisdiction to consider the merits of his appeal." *Marriage of Cox*, 2025 IL App (1st) 242290-U, ¶ 29; see also *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1050 (2007) ("if pending claims have been resolved and the time to file a new notice of appeal has expired, Rule 303(a)(2) allows respondent to establish the effectiveness of the present notice of appeal. In the latter event, respondent may file a petition for rehearing and to supplement the record, thereby establishing our jurisdiction to address the merits.").

¶ 20    Before concluding, we note that pursuant to Illinois Supreme Court Rule 311(a)(5) (eff. July 1, 2018), our disposition in this matter was due on March 6, 2026. We did not receive Kelly-Rose's opening brief until February 17, 2026, and gave Nick until March 12, 2026, to file a response if he so chose. Accordingly, this case was not submitted until March 27, 2026. However, Kelly-Rose's appeal should not have been placed on the accelerated docket. The appeal has only to do with the allocation of GAL fees to her, not a final order in child custody or allocation of parental responsibilities. Thus, despite the case caption, this is not an accelerated case and no timeline applies.

¶ 21    Appeal dismissed.